38151.   MATHEWS *v.* MURRAY.

DECIDED FEBRUARY 10, 1960.

218

*D. M. Johnson,* for plaintiff in error.
*Harold R. Banke, Marvin A. Miller,* contra.

TOWNSEND, Judge. ■ An action for false imprisonment under Code § 105-901 will not lie where it appears that the arrest and imprisonment were by virtue of a valid process. *Gordon* v. *West,* 129 *Ga.* 532 (1) (59 S. E. 232, 13 L. R. A. (NS) 549). Similarly, an action for malicious arrest under Code § 105-1001 will not lie where it is not alleged that the proceedings out of which the writ issued terminated in favor of the plaintiff. *Waters* v. *Winn,* 142 *Ga.* 138 (82 S. E. 537, L. R. A. 1915A 601, Ann. Cas. 1915D 1248). The petition shows that the defendant was arrested under a valid warrant charging him with the offense of wife-beating, and fails to allege any facts from which it would appear that there was no probable cause for the issuance of such warrant or that the proceedings thereunder have terminated in his favor. Accordingly, no cause of action for malicious arrest or false imprisonment is set forth.

■ The petition does, however, set out a good cause of action for damages. In the first place, as between parents, there is no prima facie right of custody in either. Code § 74-107. Secondly, even if a possessory warrant would lie under such circumstances, the warrant in this case is unintelligible and fails to comply with Code § 82-101 in that it fails to allege any legal right in the mother to the child in question as against the father. Even had it done so the warrant would still be void on its face, since a minor child is not such a chattel as may be the subject matter of a possessory warrant. *Goforth* v. *Fidelity &c. Co. of N. Y.*, 80 *Ga. App.* 121 (55 S. E. 2d 656). That case involved an action on the sheriff's bond under circumstances much like those alleged here, and on page 125 it was stated, on the question of whether the sheriff acted in good faith in attempting to execute a void possessory warrant: "Good faith in executing such a warrant on the part of the sheriff would require that he take the 'property' before the judge or justice who issued the warrant or some other judge or justice of the county. Here the sheriff instead took the child, not to any judge or justice of the county, but to other private individuals who forthwith removed her from the county altogether and took her to another county and city of this State many miles distant. Had the process been valid and served in this manner by the sheriff and his deputy, the surety would have been liable for the neglectful and improper performance of the duty of the sheriff."

In *Selman* v. *Barnett*, 4 *Ga. App.* 375 (61 S. E. 501) it was held: "Damages are recoverable for a physical invasion of the right of a parent, or of one standing in loco parentis, to the possession of an infant child. It is error to dismiss a petition asking damages against one who has wilfully decoyed and carried away the child of another, where it is plainly alleged that the plaintiff is entitled to the custody, control, and society of the child as its parent, and has been deprived of each and all of these by the wrongful or criminal act of the defendant." While, as between the plaintiff and his wife it is not shown which had the right to its custody, it nevertheless appears that the child was in the custody of the plaintiff in his home at the time the defendant intervened, and "the domicile of every minor shall be

that of his father, if alive, unless such father shall have voluntarily relinquished his parental authority to some other person." Code § 79-404. Prima facie a right thus existed in the plaintiff under these circumstances to have the question of the child's custody litigated in the county of his residence and its domicile, which right, if unlawfully interfered with by a third person, would give him a cause of action against that person. Under the allegations of this petition the defendant knowingly, maliciously, and unlawfully colluded with the plaintiff's wife, by wilfully perverting the processes of the court, to remove the child from his possession and from the jurisdiction of the court of the county of his residence; he undertook to execute a warrant void on its face; he executed this warrant in a manner which would have been illegal had the warrant in fact been valid, and he did all these things, the petition alleges, to help an opposite party avoid trying the issue of the child's custody in the court where, prima facie, it ought to have been adjudicated. Further, while there does not appear to have been an abuse of process in executing the warrant for wife-beating, and while 45 minutes is not ordinarily an unreasonable time to elapse before the defendant is admitted to bail, it is alleged that the defendant refused to grant bail in the first instance simply for the purpose of allowing the mother a chance to commence her journey to another State and then, when this purpose was accomplished, granted the bail. If the delay were solely for this purpose it would at the least be an aggravating circumstance, regardless of whether or not it was technically an abuse of process.

The trial court erred in sustaining the general demurrer and in dismissing the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*