## A89A1724. MORTON v. THE STATE.
(387 SE2d 9)

BANKE, Presiding Judge.

A jury found the appellant guilty on an accusation charging that he had violated certain provisions of the Fulton County Zoning Ordinance by maintaining a "junkyard" on property which was zoned for residential use. He was sentenced to pay a fine of $500 or to spend 60 days in jail. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the trial judge violated his constitutional rights by "devising, encouraging, and accepting an amended accusation, which is vague, arbitrary, and indefinite when measured by the standards of 'uniform construction' and further, is a significant departure from the initial accusation." To the extent that this enumeration of error accuses the trial judge of having provided improper assistance to the state with respect to the wording of the accusation, it is not supported by the record or transcript. To the extent that this enumeration of error is based on a contention that the accusation was unconstitutionally vague and indefinite, it is without merit. The accusation was sufficiently definite both to inform the appellant of the charges against him and to protect him against another prosecution for the same offense. See generally *DePalma v. State*, 225 Ga. 465, 469-70 (169 SE2d 801) (1969). The accusation was also in compliance with OCGA § 17-7-71 (c) in that it stated the offense "so plainly that the nature of the offense charged [could be] easily understood by the jury. . . ." See *Endsley v. State*, 184 Ga. App. 797, 798 (1) (363 SE2d 1) (1987).

2. The evidence authorized the jury to find that the appellant had created a "junkyard" on his property by storing over 12 unmovable old cars in his backyard, in violation of the single family zoning classification for the property. Accordingly, the trial court did not err in denying the appellant's motion for directed verdict.

3. The appellant contends that the trial court erred in denying his demurrer to the original accusation. However, inasmuch as the appellant was not tried on the original accusation, this enumeration of error must be considered moot.

4. The appellant contends that the trial court erred in refusing to suppress certain photographs of his backyard taken by a county code enforcement officer on the ground that the officer had trespassed upon his property to obtain the photographs. The trial court denied the motion to suppress based on "unrebutted testimony that there was a consent to come on the property given by the person in the house. . . ." As that finding is supported by the transcript, this enumeration of error is also without merit.

5. We have reviewed the appellant's remaining enumerations of

error and have determined that they are similarly without merit. *Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 25, 1989 —
REHEARING DENIED OCTOBER 6, 1989 —

Albert W. Morton, *pro se.*
James L. Webb, Solicitor, Lee O'Brien, Helen A. Roan, Assistant *Solicitors*, for appellee.