A90A0777. PEELE et al. v. DOBBS.
(396 SE2d 600)

BANKE, Presiding Judge.

After their home was damaged by a chimney fire, the appellants filed the present action against the seller of the property, the builder, the subcontractors involved in the installation of the chimney, and the appellee herein, who, as the Cobb County Building Inspector, is alleged to have been negligent in inspecting and approving the construction of the chimney. Subsequent to the filing of the suit, the appellants settled their claims against all the defendants except the appellee and one of the subcontractors. They bring this appeal from an order granting summary judgment to the appellee based on the defense of official immunity. *Held*:

" '[W]here an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and *without willfulness, malice, or corruption*.' " *Hennessy v. Webb*, 245 Ga. 329, 330-31 (264 SE2d 878) (1980).

It is apparent without dispute in the present case, that the appellee was acting in his official capacity as building inspector in inspecting and approving the construction of the chimney. Although no allegation of wilfulness, malice or corruption has been made and although there has been no waiver of official immunity resulting from the purchase of liability insurance, the appellants contend that their claim against the appellee may nevertheless proceed because they have sued him in his individual rather than his official capacity and because they have alleged that his inspection of the property was a ministerial rather than a discretionary function. However, the appellee clearly was sued "solely because of the position he held and the duties imposed upon him as a result of this position. Indeed, the act complained of could only have been done in [his] official capacity. . . . In effect, [the appellants] are alleging that the [appellee], acting [in his official capacity as building inspector], failed to exercise sound judgment (discretion) in allowing what they alleged to be a hazardous condition to exist. Therefore, the act or failure to act is not ministerial in nature, but is, rather, discretionary." *Hennessy v. Webb*, supra at 332. It follows that the trial court did not err in granting the appellee's motion for summary judgment. Accord *Logue v.*

*Wright*, 260 Ga. 206 (392 SE2d 235) (1990). See also *Trianon Park Condominium Assn. v. City of Hialeah*, 468 S2d 912 (Fla. 1985).
*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*Barry L. Zimmerman*, for appellants.
*Webb, Kicklighter & Casey, Kris K. Skaar, Adele P. Grubbs*, for appellee.