### A90A2121. ROBBINS v. LANIER.
(402 SE2d 342)

BANKE, Presiding Judge.

The appellant filed this action against the appellee — identified in the complaint as the district attorney of Floyd County, Georgia, but assertedly named as a defendant in his individual rather than in his official capacity — seeking to recover damages for the latter's alleged conduct in causing an arrest warrant to be issued against him charging him with terroristic threats and acts. The case is before us on appeal from the grant of the appellee's motion to dismiss the complaint for failure to state a claim.

The warrant was sworn out by a county police detective, based on an incident which had occurred some eight months previously. According to the appellant's complaint, this detective had investigated the incident immediately after its occurrence and had decided at that time not to bring any charges, but the appellee had thereafter intervened and "ordered" him to take out the warrant. In amendments to his complaint, the appellant alleged that the appellee had subsequently sought to intimidate the victim of the purported offense into testifying against him and had then protected the victim from criminal prosecution while he (the victim) threatened and intimidated the appellant's witnesses. The appellant alleged that the appellee's actions were motivated by a desire to harass and embarrass him because he had uncovered certain potentially embarrassing evidence regarding practices assertedly utilized by the appellee in securing evidence for drug prosecutions. In addition to damages, the appellant also sought an injunction prohibiting the appellee from prosecuting him on the charge set forth in the warrant.

At the hearing on the motion to dismiss, it was stipulated that the appellant had been indicted by a grand jury for the alleged conduct which had given rise to the warrant and that this indictment was still pending against him. The trial judge dismissed the claim for injunctive relief based on the principle that "[e]quity will take no part in the administration of the criminal law," OCGA § 9-5-2; and the appellant does not take issue with this portion of the court's ruling. The court dismissed the damage claims on the ground that the criminal proceeding had not terminated favorably to the appellant and on the additional ground that the district attorney was immune from civil liability "for the prosecutorial actions intimately associated with the judicial phase of criminal process." *Held*:

1. The appellant contends that the trial court erred in ruling that

he could not pursue the present action while the criminal charge on which the warrant was based remained pending, arguing that he "did not seek recovery for malicious arrest, but rather sought recovery on the legal theories of (1) an intrusion into [his] solitude and private affairs, (2) placing [him] in false light in the public eye, and (3) the wilful infliction of emotional distress by the [appellee] upon [him]." However, inasmuch as the alleged source of all these various injuries was the issuance of the warrant, the appellant's underlying cause of action was clearly for false arrest or malicious prosecution. It follows that he had no right of action until the warrant was abandoned or dismissed or until the prosecution had otherwise terminated in his favor. See generally OCGA §§ 51-7-1 et seq.; 51-7-40 et seq.; *Smith v. Embry*, 103 Ga. App. 375 (4), 379-380 (119 SE2d 45) (1961); *Mathews v. Murray*, 101 Ga. App. 216 (1) (113 SE2d 232) (1960).

2. Although the appellant apparently hoped to avoid the defense of prosecutorial immunity by suing the appellee in his individual rather than his official capacity, his claim was clearly based on allegations that the appellee had misused the powers of his office. Pursuant to Art. VI, Sec. VIII, Par. I (e) of the Georgia Constitution of 1983, district attorneys have immunity from private actions "arising from the performance of their duties." The rationale behind this immunity is that " '[p]rosecutors, like judges, should be free to make decisions properly within the purview of their official duties without being influenced by the shadow of liability.' " *Holsey v. Hind*, 189 Ga. App. 656, 657 (377 SE2d 200) (1988). " 'Therefore, a district attorney is protected by the same immunity in civil cases that is applicable to judges, *provided that his acts are within the scope of his jurisdiction.' Smith v. Hancock*, 150 Ga. App. 80, 81 (256 SE2d 627) (1979). (Emphasis supplied.) . . . The determining factor . . . appears to be whether the act or omission is ' "intimately associated with the judicial phase of the criminal process." ' [Cit.]" Id.

In our view, there is no question that a prosecutor's decision to file formal criminal charges against an individual is an act intimately associated with the judicial phase of the criminal process. Accordingly, we hold that the trial court was also correct in its conclusion that this action is barred by the doctrine of prosecutorial immunity.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 14, 1991.

*James A. Robbins, Jr.*, for appellant.
*Michael J. Bowers, Attorney General, Harrison W. Kohler, Deputy Attorney General, Neal B. Childers, Assistant Attorney General,*

for appellee.