A92A0180. MORTON v. McCOY.
(420 SE2d 40)

BEASLEY, Judge.

Plaintiff Morton appeals the grant of summary judgment and dismissal in favor of defendant McCoy, a county code enforcement officer. McCoy's investigation led to Morton's conviction of violating the county zoning ordinance by maintaining a "junkyard" of over a dozen "unmovable old cars" on property zoned for residential use. *Morton v. State*, 193 Ga. App. 119 (387 SE2d 9) (1989), is the appeal of the conviction.

Morton alleged that McCoy, without permission or authority, wrongfully entered Morton's property to search for evidence to be used in prosecuting Morton and that McCoy's action against Morton

was wanton, wilful, malicious, and legally unjustified. He further alleged that McCoy's action had caused Morton to be improperly charged with the code violation and had unlawfully interfered with Morton's right of enjoyment of his private property.

The grounds for summary judgment were that Morton's conviction precluded him from pursuing a malicious prosecution claim and that McCoy was immune from liability for actions undertaken in his official capacity.

Morton's present challenge is that his suit has been mischaracterized as one for malicious prosecution when it is a cause of action for trespass of his real property, and that the trial court based the grant of summary judgment on its erroneous finding of res judicata, by virtue of the appellate decision in the criminal case, on the issue of McCoy's being on Morton's property with consent.

1. Morton's contention that the trial court made its ruling relying on application of res judicata[1] on the issue of consent is without merit. Although at the summary judgment hearing the trial court commented in this regard, the court's order specified that the defendant was entitled to summary judgment for the reasons set forth in his motion and brief as well as at oral argument. Reasons assigned by a trial court are not part of its judgment. See *Turner v. Baggett Transp. Co.*, 128 Ga. App. 801, 806 (4) (198 SE2d 412) (1973).

2. The source of Morton's alleged injuries from McCoy is the prosecution of the zoning code violation. Thus, the action is one for malicious prosecution, OCGA § 51-7-40. See *Robbins v. Lanier*, 198 Ga. App. 592, 593 (1) (402 SE2d 342) (1991).

" 'It is essential to the maintenance of an action for malicious prosecution that the plaintiff . . . prove that the prosecution not only terminated, but terminated in his favor. [Cit.]. . . .' " *Laster v. Star Rental, Inc.*, 181 Ga. App. 609 (1) (353 SE2d 37) (1987). Morton's conviction precludes a claim for malicious prosecution.

3. Viewing the suit as one for trespass to realty, OCGA § 51-9-1, does not aid Morton.

" ' "(W)here an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and *without willfulness, malice, or corruption.*" ' *Hennessy v. Webb*, 245 Ga. 329, 330-31

---

[1] Although appellant speaks of res judicata and the lower court used that terminology, the doctrine at issue is actually collateral estoppel or estoppel by judgment. See *Jim West Housemovers v. Cobb County*, 259 Ga. 314 (380 SE2d 251) (1989); *Roddenberry v. Roddenberry*, 255 Ga. 715, 717 (342 SE2d 464) (1986).

(264 SE2d 878) (1980)." *Peele v. Dobbs*, 196 Ga. App. 684 (396 SE2d 600) (1990).

It is undisputed that the acts complained of, i.e., McCoy going onto Morton's property and taking photographs of Morton's continued code violation by maintaining the junkyard of vehicles, were done within the scope of McCoy's official duties as a county code enforcement officer. The trespass claim is not saved by Morton's unsupported allegation that McCoy was motivated by an improper relationship with Morton's neighbor, whose complaint in part prompted the code violation investigation. In the absence of substantiating evidence, the conclusory allegation of impropriety does not raise a material issue of wilfulness, malice, or corruption on the part of McCoy. *Peele*, supra.

Viewing all the evidence and reasonable inferences most favorably to Morton, it fails to create a triable issue as to each essential element of a claim for either malicious prosecution or trespass. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

4. Given the analysis in Division 3, application of collateral estoppel on the issue of consent is moot. We note that the trend is to confine the privity requirement to the one against whom the plea is asserted, here Morton. See *Watts v. Lippitt*, 171 Ga. App. 578, 579 (320 SE2d 581) (1984). We note further that the factual issue of consent was decided adversely to Morton and affirmed on appeal of the criminal conviction. *Morton v. State*, supra at 119 (4). As to the relationship between a criminal conviction itself and a subsequent civil suit based on the same transaction, see *Consolidated Mgmt. Svcs. v. Halligan*, 186 Ga. App. 621, 622 (2) (368 SE2d 148) (1988) and the dissenting opinion at 623-629, and the affirmance, 258 Ga. 471 (369 SE2d 745) (1988).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 5, 1992 —
RECONSIDERATION DENIED JUNE 23, 1992 — 

Albert W. Morton, *pro se.*
*Kilpatrick & Cody, Michael W. Tyler, Paul A. Raney*, for appellee.