A93A2397. BATTLE v. SPARKS et al.
(438 SE2d 185)

BLACKBURN, Judge.

Appellant Terry Lee Battle submitted an affidavit of indigency and a pro se complaint to the clerk of the Superior Court of the Macon Judicial Circuit naming three defendants. Pursuant to OCGA § 9-15-2 (d), the clerk presented the pleading to a superior court judge who entered an order on July 23, 1993, refusing to allow the complaint to be filed against the defendants. This appeal followed.

When a civil action is instituted by an indigent party who is not represented by an attorney, the trial judge is required to "review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading." OCGA § 9-15-2 (d). "When examining a complaint, courts are compelled to determine whether the facts alleged state a claim for relief under which the plaintiff may recover." (Citations and punctuation omitted.) *Hawkins v. Rice*, 203 Ga. App. 537 (417 SE2d 174) (1992).

The record reveals that Battle was indicted in Bibb County for the offense of rape in 1984. After a jury trial, Battle was convicted and sentenced to life in prison. We affirmed Battle's conviction in an unpublished opinion in 1985. *Battle v. State*, 175 Ga. App. XXVIII (1985). Battle presently is incarcerated in the Georgia State Prison in Reidsville, Georgia.

In his somewhat convoluted complaint, Battle alleges that his 1984 indictment, conviction, and incarceration violate his constitutional rights and that he is being falsely imprisoned based on the illegal and improper conduct of the three defendants; two assistant district attorneys for the Macon Judicial Circuit in 1984, and the present district attorney for that circuit. Specifically, Battle alleges that the indictment charging him as an habitual offender was illegally obtained; that insufficient evidence existed for his conviction of rape; that unfounded statements concerning his conviction were made to the Macon Telegraph; and that perjured testimony was allowed to be introduced at his trial.

"Any person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of this state may institute [a writ of habeas corpus]." OCGA § 9-14-42 (a). Therefore, Battle's constitutional claims which have not been heard previously must be brought in a habeas petition pursuant to OCGA § 9-14-41 et seq. Additionally, to the extent that Battle's allegations are sufficient to support a possible violation of 42 USC § 1983, they are time barred. See *Giles v. Garwood*, 853 F2d 876 (11th Cir. 1988) and OCGA § 9-3-33. Furthermore, "[p]ursuant to Art. VI, Sec. VIII, Par. I (e) of the Georgia Constitution of 1983, district attorneys have immunity from private actions 'arising from the performance of their duties.'" *Robbins v. Lanier*, 198 Ga. App. 592, 593 (402 SE2d 342) (1991). Therefore, Battle's complaint failed to allege facts stating a claim for relief.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 22, 1993 —

Terry Lee Battle, *pro se.*

*Willis B. Sparks III, District Attorney, Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Neal B. Childers, Assistant Attorney General*, for appellees.