## A95A0361. TESTON et al. v. COLLINS et al.
### (459 SE2d 452)

POPE, Presiding Judge.

Plaintiffs Tony Teston and his son Joseph Teston sued defendants, Bleckley County School District; Bleckley County Board of Education; each of the individual members of the Board of Education; the Superintendent of the Bleckley County School Board (Donald Turknett); the Principal of Bleckley County High School (Billy Faircloth); and a teacher at the high school (Dwayne Collins), in their official capacities, for injuries Joseph suffered while attending Bleckley County High School. In their complaint, plaintiffs also asserted that Turknett, Faircloth and Collins were liable to them in their individual capacities. Plaintiffs appeal from the trial court's dismissal of their lawsuit. We affirm.

On March 1, 1993, Joseph was attending a transportation/shop class under the direction and supervision of Collins. Sometime between 12:00 p.m. and 12:30 p.m., a former student of the high school, Jason Allen, entered the classroom to deliver a tow bar to Collins. Allen and Joseph engaged in a conversation, after which Allen struck Joseph in the chest and back with a rubber mallet. Collins then directed Allen to leave. Within the hour, Collins reported the incident to Principal Faircloth. Faircloth summoned Joseph to his office to check on his condition. Subsequently Joseph's mother was called. After meeting with Faircloth and Joseph, and seeing that her son was in pain and having difficulty breathing, Joseph's mother elected to take him to a doctor. A few hours after his doctor treated him, Joseph was admitted to the hospital. It is undisputed, however, that Joseph did not suffer any permanent injuries.

Defendants answered plaintiffs' complaint denying liability and

asserted numerous defenses. They also filed a third-party complaint against Allen, but Allen is not a party to this appeal. Subsequently, defendants filed two motions to dismiss.[1] In their first motion, defendants argued that the doctrine of sovereign immunity barred plaintiffs' claims against the school district, and that the doctrine of official immunity barred plaintiffs' claims against each of the officials and employees of the school district in their official capacities. In their second motion to dismiss, defendants argued that plaintiffs had failed to state a claim against Turknett, Faircloth and Collins in their individual capacities. On August 9, 1994, the trial court granted both motions to dismiss.

1. On appeal, plaintiffs contend that the trial court erred in finding that their suit against the school officials and employees in their official capacities was barred by the doctrine of official immunity. We reject this contention. Official immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice or corruption. See *Hennessy v. Webb*, 245 Ga. 329, 330-331 (264 SE2d 878) (1980). In other words, public agents can only be sued in their official capacities if they (1) negligently perform a ministerial duty, or (2) act with actual malice or actual intent to cause injury while performing a discretionary function. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d) (as amended 1991).

"A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." (Citations and punctuation omitted.) *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990). Although plaintiffs argue that defendant school officials and employees negligently performed a ministerial duty allegedly imposed on them by OCGA § 20-2-1180 and by the Bleckley County School Board's adoption of that Code section as School Board policy, we cannot agree. As the trial court noted, that Code section and the School Board's policy did not impart a ministerial duty on any of the individual defendants in this case. Instead, the Code section and policy imposed a duty on third-party visitors, and gave school principals discretionary authority to control visitors. See OCGA § 20-2-1180. Additionally, it is clear in this case that the decisions made by Faircloth and Collins with regard to reporting the inci-

---

[1] Plaintiffs voluntarily dismissed the Bleckley County Board of Education from the lawsuit, thus it was not a party to either of the motions to dismiss.

dent and seeking medical care for Joseph were purely discretionary because they entailed examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. The manner in which Collins supervised his classroom also was discretionary in nature. See *Doe v. Howell*, 212 Ga. App. 305, 306 (441 SE2d 767) (1994). Consequently, absent any allegation that the individual school officials and employees exercised their discretion with actual malice or actual intent to cause injury to Joseph, we hold that they were all cloaked with official immunity.

2. We also hold that the Bleckley County School District was immune from suit in this case under the doctrine of sovereign immunity because neither the Georgia Tort Claims Act (OCGA § 50-21-21 et seq.), nor any other act of the General Assembly has waived such immunity. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (a), (e) (as amended 1991); see OCGA § 50-21-22 (5). Moreover, in *Coffee County School District v. Snipes*, 216 Ga. App. 293, 294 (454 SE2d 149) (1995), we specifically held that the 1991 amendment to the Georgia Constitution of 1983 extending sovereign immunity "to the state and all of its departments and agencies" included county-wide school districts. Additionally, we note that plaintiffs have not enumerated as error or contested the trial court's dismissal of the School District in this case, thus any such assertion is deemed abandoned. See Court of Appeals Rule 27 (a), (c).

3. We find no error in the trial court's dismissal of plaintiffs' suit against Turknett, Faircloth and Collins in their individual capacities. As the trial court noted, merely naming a defendant individually in a complaint is not conclusive as to the capacity in which that defendant is sued. Instead, the reason for the lawsuit is the determinative factor as to a defendant's capacity. *Peele v. Dobbs*, 196 Ga. App. 684 (396 SE2d 600) (1990). In this case, plaintiffs' complaint against Turknett, Faircloth and Collins is clearly based on the positions these defendants held and the duties imposed upon them as a result of their positions. Consequently, plaintiffs have sued these defendants only in their official capacities. See *Hennessy*, 245 Ga. at 331-332.

In light of the above, we conclude that the trial court did not err in dismissing plaintiffs' lawsuit with regard to all the defendants named therein.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED JULY 13, 1995.

*Genelle Jennings*, for appellants.
*Drew, Eckl & Farnham, Theodore Freeman, Nena K. Puckett*,

*Smith & Harrington, John P. Harrington, Harben & Hartley, Phillip L. Hartley*, for appellees.