A96A0786. DEPARTMENT OF HUMAN RESOURCES v. MONEY.
(473 SE2d 200)

Judge Harold R. Banke.

The Department of Human Resources filed a paternity and child support recovery action against Obie Money, the putative father of Brandon H. Money. Money, who rebuffed DHR's administrative attempts to collect this child support, denies he is Brandon's father. He counterclaimed, alleging DHR's administrative and judicial actions constituted improper harassment, violated his privacy, and caused him humiliation and emotional distress in violation of state law and 42 USC § 1983. DHR appeals from the trial court's refusal to dismiss the counterclaim. *Held*:

1. Any action against DHR based on state law theories is disallowed by sovereign immunity. The Georgia Tort Claims Law, OCGA

§ 50-21-20 et seq., waives sovereign immunity in some cases. See OCGA § 50-21-23 (b). Two specific exceptions to the waiver are claims for losses resulting from "[l]egislative, judicial, quasi-judicial, or prosecutorial action or inaction" and "[a]dministrative action or inaction of a legislative, quasi-legislative, judicial, or quasi-judicial nature." OCGA § 50-21-24 (4) and (5). Administrative and judicial action taken by the DHR to enforce the Legislature's mandates set out in the Child Support Recovery Act, OCGA § 19-11-1 et seq., clearly falls within these exceptions. " 'The doctrine of sovereign immunity requires that the conditions and limitations of the statute that waives immunity be strictly followed. (Cits.)' [Cit.]" *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 71 (1) (456 SE2d 642) (1995).

2. Because the Georgia Tort Claims Act does not bar Money's 42 USC § 1983 counterclaim against DHR for violations of his civil rights, our opinion in Division 1 does not fully dispose of the counterclaim. Therefore, we address DHR's remaining contention that the counterclaim is "frivolous."[1]

Money's counterclaim asserts, in part, that DHR violated his constitutional rights by pursuing its child support recovery efforts when it had "full knowledge" that the issue of his paternity of Brandon Money had been previously resolved. He claims the issue of his paternity is made res judicata by a divorce decree, filed in the Superior Court of Chatooga County, ending his marriage to Brandon's mother. That decree incorporates an agreement between Money and his ex-wife that he did not father Brandon Money.

This divorce decree does not prohibit DHR from seeking a legal declaration of Money's paternity of Brandon Money. Our Supreme Court has held that, where the State seeks reimbursement for support it has paid on behalf of a child (OCGA § 19-11-6 (a)), the State is acting in privity with the child and not the mother. *Dept. of Human Resources v. Fleeman*, 263 Ga. 756, 758 (2) (439 SE2d 474) (1994). "Because the child is not bound by the provisions of the divorce decree, collateral estoppel does not bar DHR in its claim under OCGA § 19-11-6 (a) insofar as DHR is pursuing that claim on the child's behalf. [Cit.]" Id. Thus, to the extent Money bases his civil rights counterclaim on DHR's allegedly groundless child support enforcement efforts, that counterclaim has no merit. We therefore reverse this case and remand it for proceedings consistent with this opinion.

*Judgment reversed and remanded. McMurray, P. J., and Ruffin,*

---

[1] DHR raised on appeal no issue concerning an immunity defense to this civil rights claim. But see *Will v. Michigan Dept. of State Police*, 491 U. S. 58, 66-70 (109 SC 2304, 105 LE2d 45) (1989) (state is not a "person" subject to liability under 42 USC § 1983).

*J., concur.*

DECIDED JUNE 25, 1996 —
RECONSIDERATION DENIED JULY 9, 1996 —

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Kevin O'Connor, Assistant Attorney General,* for appellant.

*Bruce & Hentz, Kenneth D. Bruce,* for appellee.