## S97A0739. DOE #102 v. DEPARTMENT OF CORRECTIONS.
### (492 SE2d 516)

HINES, Justice.

This is an appeal from the dismissal of an action for damages brought under the Georgia Tort Claims Act (GTCA), OCGA § 50-21-20 et seq. Inmate Jane Doe #102, filed the suit against the Department of Corrections (DOC) for injuries stemming from her alleged mistreatment while in custody in 1991 at Georgia Women's Correctional Institution at Hardwick in Baldwin County.[1]

Doe asserted the intentional infliction of emotional distress and violations of her rights under the State Constitution and 42 USC § 1983. The action was originally filed in the State Court of Fulton County. The DOC moved to dismiss claiming improper venue, that Doe failed to comply with the ante litem notice provision of the GTCA, that the § 1983 claims were barred by the applicable two-year statute of limitation of OCGA § 9-3-33, and that the DOC was not a "person" subject to suit within the meaning of 42 USC § 1983. In the alternative, the DOC asked that venue be transferred to Baldwin County as required by OCGA § 50-21-28, the venue provision of the GTCA. The Fulton County court denied the motion to dismiss but

---

[1] The plaintiff is identified as Jane Doe #102 in accordance with a protective order entered by the United States District Court for the Middle District of Georgia in *Cason v. Seckinger,* Civil Action No. 84-313-1-MAC (CWH).

transferred the action to the State Court of Baldwin County. The DOC again moved to dismiss. The Baldwin County court dismissed the complaint after finding that the § 1983 claims were untimely and that the state law causes were barred by Doe's failure to comply with the GTCA's ante litem notice requirement. For the reasons which follow, we affirm the adverse ruling on the federal claims, but reverse the dismissal of alleged violations of state law.

1. This action was properly transferred to Baldwin County. The enactment of the venue limitation in the GTCA found in OCGA § 50-21-28[2] is a valid exercise of the General Assembly's authority under Art. I, Sec. II, Par. IX (a) of the 1983 Georgia Constitution, and establishes the proper venue in actions brought under the GTCA and against the State as the sole defendant. *Campbell v. Dept. of Corrections*, 268 Ga. 408 (490 SE2d 99) (1997).

2. The Baldwin County court correctly dismissed the federal civil rights claims as untimely. The two-year statute of limitation in OCGA § 9-3-33 governs claims brought under 42 USC § 1983 because such claims are most accurately characterized as personal injury actions. *Battle v. Sparks*, 211 Ga. App. 106, 107 (438 SE2d 185) (1993); *Day v. Brown*, 207 Ga. App. 134 (427 SE2d 104) (1993). See also *Owens v. Okure*, 488 U. S. 235 (109 SC 573, 102 LE2d 594) (1989); *Wilson v. Garcia*, 471 U. S. 261 (105 SC 1938, 85 LE2d 254) (1985); *Giles v. Garwood*, 853 F2d 876 (11th Cir. 1988); *Williams v. City of Atlanta*, 794 F2d 624 (11th Cir. 1986). Contrary to Doe's assertion, this is not changed by OCGA § 50-21-27 (b),[3] as its terms do not call for an extension of the period for filing § 1983 claims. The GTCA represents a waiver of the State's sovereign immunity, limited in extent and manner. OCGA § 50-21-23 (a) & (b). See also OCGA §§ 50-21-21; 50-21-25 (a). As such its provisions should be narrowly construed. *Howard v. State of Ga.*, 226 Ga. App. 543 (1) (487 SE2d 112) (1997); *Dept. of Human Resources v. Money*, 222 Ga. App. 149 (1) (473 SE2d 200) (1996). Consequently, it does not expand the State's exposure for such federal claims beyond that expressly provided by the legislature in OCGA § 9-3-33.

3. In the recent case of *Norris v. Dept. of Transp.*, 268 Ga. 192 (486 SE2d 826) (1997), a majority of this Court held that the GTCA's requirement of ante litem notice of claim under OCGA § 50-21-26 is satisfied upon mailing of the notice in the manner specified in OCGA

---

[2] OCGA § 50-21-28 provides in relevant part, "[a]ll tort actions against the state under [the GTCA] shall be brought in the state or superior court of the county wherein the loss occurred."

[3] OCGA § 50-21-27 (b) provides, "For tort claims and causes of action which accrued between January 1, 1991, and July 1, 1992, any tort action brought pursuant to this article is forever barred unless it is commenced within two years after July 1, 1992."

§ 50-21-26 (a) (2). Accordingly, Doe's mailing of ante litem notices to DOC and to the Department of Administrative Services, by certified mail, return receipt requested, on June 24, 1993, was within the statutory time requirements for providing notice. Therefore, the trial court's determination to dismiss Doe's state law claims for failure to comply with OCGA § 50-21-26 cannot stand.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 3, 1997.

*Bondurant, Mixson & Elmore, Jeffrey O. Bramlett, Joshua F. Thorpe, John A. Pickens, Robert W. Cullen,* for appellant.

*Thurbert E. Baker, Attorney General, George P. Shingler, Deputy Attorney General, John C. Jones, Senior Assistant Attorney General, Diane F. LaRoss, Assistant Attorney General,* for appellee.

*E. R. Lanier,* amicus curiae.