## A98A0566. DANIELS v. GORDON et al.
### (503 SE2d 72)

RUFFIN, Judge.

Jace Daniels, a minor, claimed that while he was a student at the Macon County Middle School, his teacher, Mary Haigler, physically restrained and choked him, thereby causing him physical and emotional injuries. Jace's father, Edward Daniels, sued Haigler and the school principal, Dale Gordon, on his son's behalf. Gordon and Haigler both argued that they were entitled to official immunity. The trial court granted the defendants' motion for summary judgment, and Daniels appeals. We affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In this case, Daniels asserted in his complaint and brief in opposition to defendants' motion for summary judgment that in October 1996 while Jace was enrolled in Haigler's class, he was improperly and intentionally disciplined by Haigler. According to Daniels, "Jace was physically-restrained and choked, experiencing pain and suffering, along with humiliation, in front of his classmates. . . ." Jace received medical treatment for neck pain which allegedly arose from the incident. Daniels submitted the affidavit of Dr. Crystal Brown who examined Jace in December 1996. Dr. Brown stated that Jace had soreness in the neck area with muscle spasm, for which she prescribed therapy and medication.

Daniels maintained, inter alia, that Haigler's actions constituted a violation of Georgia law governing corporal punishment, OCGA § 20-2-730 et seq. Daniels also averred in his complaint that Gordon was "charged with the responsibility for disseminating school rules

and enforcing school policy" but had taken no action against Haigler for disciplining Jace. However, Daniels failed to cite to any affidavits, depositions or other evidence to substantiate his assertions that Haigler choked Jace as opposed to merely grasping his face, that Jace's injuries were caused by the alleged choking incident, or that Gordon failed in his responsibilities concerning enforcement of school policy.

In contrast, the defendants cited Haigler's affidavit. Haigler stated that she has ten years of teaching experience. On the day of the incident Jace was in a class of 26 students, which Haigler said "created a special problem as far as discipline, because it was difficult to isolate a disruptive student physically from the other students." According to Haigler, Jace was a "perennial problem in the class, misbehaving and disrupting other students. He sang, made noises, and passed gas. He often refused to work on assignments, and otherwise refused to follow directions." Haigler said that on the day of the incident, Jace was misbehaving as usual. She "admonished him several times, to no avail." The computers in Haigler's class shut down, and while she was trying to get them back on line, Jace was creating problems and another student complained about him. According to Haigler, Jace ignored her attempts to get him to behave. She said that "after I got the computers back on-line, I asked Jace to sit down as he was standing next to my desk. He did not, and in fact would not even look at me. I reached up to his face (he is taller than me), [sic] grasped his face with my thumbs on his cheek bones and my fingers splayed across his cheeks and turned his head to face me. I then told him to listen to me. My intention was to get his attention and I did not intend this as discipline. He did not indicate at the time that this caused any physical injury."

The defendants also submitted the affidavit of the emergency room physician who treated Jace the day after the incident. This physician said that his examination did not reveal any visible injury. He continued, noting that there were no bruises, inflammation or abrasions. The x-rays of Jace's neck were normal, as were the neurological examination results.

1. We find that Haigler's actions in this case did not amount to corporal punishment such that the provisions of OCGA § 20-2-730 et seq. would apply. "Corporal punishment plainly means physical, as opposed to pecuniary, punishment. [Cit.]" *Simmons v. Vancouver School Dist. No. 37*, 704 P2d 648, 653 (Wash. App. 1985). Black's Law Dictionary (5th ed.) also defines the term as "any kind of punishment of or inflicted on the body." To "punish" means "subjecting someone to loss of freedom or money or to physical pain for wrongdoing." American Heritage Dictionary (2nd college ed.).

While paddling and spanking are not the only methods of corpo-

ral punishment, not all physical contact instigated by an educator amounts to corporal punishment. A Florida appellate court has determined that a teacher's duty to keep good order in the classroom "necessarily implies the power to the teacher to use reasonable physical force not amounting to corporal punishment to do so. Without such reasonably implied power, the requirement to keep good order would be meaningless." (Punctuation omitted.) *Williams v. Cotton*, 346 S2d 1039, 1041 (Fla. App. 1977). Moreover, it has been held that touching a student in order to remove a pencil from his hand cannot be considered corporal punishment. *Harris v. Commonwealth Secretary of Ed.*, 372 A2d 953, 957 (Pa. 1977).

In this case, Haigler's actions were instituted to regain control and supervise the classroom. See *Wright v. Ashe*, 220 Ga. App. 91, 93-94 (469 SE2d 268) (1996). Haigler's uncontroverted testimony established that her grasping of Jace's face was meant to get Jace's attention and not to punish. Accordingly, Daniels' corporal punishment argument fails, and we do not reach the issue of whether Haigler and Gordon complied with the requirements for inflicting corporal punishment under OCGA § 20-2-730 et seq.

2. Moreover, we conclude that Haigler and Gordon were entitled to official immunity, which extends to employees of school districts. *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293 (454 SE2d 149) (1995). "Official immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice or corruption. [Cit.] In other words, public agents can only be sued in their official capacities if they (1) negligently perform a ministerial duty, or (2) act with actual malice or actual intent to cause injury while performing a discretionary function. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d) (as amended 1991)." *Teston v. Collins*, 217 Ga. App. 829, 830 (1) (459 SE2d 452) (1995). More specifically, "[t]he Georgia courts have consistently held that making decisions regarding the means used to supervise school children is a discretionary function of the school principal. [Cits.] Additionally, the general task imposed on teachers to monitor, supervise, and control students has also been held to be a discretionary action which is protected by the doctrine of official immunity. [Cits.]" *Wright*, supra at 93-94.

In this instance, Haigler was simply fulfilling her discretionary tasks of monitoring, supervising and controlling the students in her class when she grasped Jace's face to get his attention. *Wright*, supra. Accordingly, no liability could attach to her actions unless she acted with actual malice. *Teston*, supra. As there is no evidence whatsoever of actual malice, Daniels' suit against Haigler fails as a matter of law, and the trial court properly granted her summary judgment. See *Lau's Corp.*, supra.

As for the claims against Gordon, Daniels has failed to show what school policies Gordon failed to distribute to the teachers or what school policy Gordon failed to enforce. Accordingly, Daniels has not presented any viable claim against Gordon. Furthermore, even if Daniels had presented evidence showing Gordon acted inappropriately in performing his functions regarding the means to be used to supervise students, Daniels has not shown that Gordon's actions were ministerial in nature or that Gordon acted with actual malice in the performance of discretionary acts such that Gordon would not be immune from suit. See *Teston*, supra. Therefore, the trial court properly granted summary judgment to Gordon.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 9, 1998.

*Melvyn J. Williams*, for appellant.
*Chambless, Higdon & Carson, Mary M. Katz*, for appellees.

