## A01A1327. BUTLER v. McNEAL.
### (555 SE2d 525)

SMITH, Presiding Judge.

This appeal arises out of the trial court's order granting summary judgment to Lisa McNeal, a teacher, in an action for personal injuries filed by a student, Jonathan Butler.[1] The trial court concluded that McNeal was entitled to official immunity because no evidence of actual malice was presented.[2] We agree, and we affirm.

On the date of the incident at issue, Butler was a student at Hilsman Middle School in Athens. He was in his homeroom class, which was adjacent to a class taught by McNeal. Butler's class, under the supervision of a substitute teacher, became noisy and disruptive, and McNeal entered through a connecting door to help the teacher control the classroom. Butler, who had a history of disciplinary problems at the school, was separated from the other students and was seated at a table near this door. He acknowledged during his deposition that this seating arrangement was designed to "keep me out of trouble." The facts are somewhat in dispute as to the events that

---

[1] The action was filed by Butler's mother and next friend, Gale Sheats.

[2] The lawsuit also named as defendants the Athens-Clarke County School District and Patricia Clifton, individually and as principal of Hilsman Middle School. The trial court granted summary judgment to these defendants on sovereign immunity grounds. Butler appeals only the grant of summary judgment to McNeal.

occurred after McNeal entered the classroom.

McNeal testified during her deposition that when she arrived, Butler was banging his chair against the wall. She asked him to stop, and he did so, but he began making comments such as, "Why do you teachers have to come over here?" and "Why are you getting in the business?" When Butler did not obey her instruction to stop making these comments, she told him to go to her classroom. He did not go, and she placed her hand on his back, on the shoulder area in order to get his attention, and said, "Come on, now let's go." She also placed her hand on the back of his chair, and she testified that while doing so, she heard a disturbance in her own classroom and leaned back to look through the connecting door. She felt the chair get "lighter" and turned around to see Butler on the floor, which was carpeted, "and then he jumped up." McNeal testified that she did not intentionally pull the chair but assumed that it moved when he stood up. He did not seem injured.[3] McNeal instructed him to go into her classroom; she wanted him to have an opportunity to "cool down." He did so, but before she could return, he left the classroom, and she found him in the office. She then took him to the assistant principal's office, where he was assigned to in-school suspension.

Butler denied being disruptive or banging his chair into the wall. He stated that McNeal came to his chair and told him to be quiet and that she could hear him talking. He also testified that she poked him in the shoulder area, but he "was not really thinking about" whether this hurt. According to Butler, he told McNeal that he was not talking, and she told him to get up and go into her classroom. He reached forward to get his notebook and pushed his chair backward approximately two feet, and the next thing he knew, he was on the floor. Although he testified that it "felt like she just snatched the chair" and that she could not have been looking into her classroom when the incident occurred, he acknowledged that he was not looking at McNeal at the time and that he did not know if she pulled the chair on purpose or if the incident was an accident. He thought she purposefully pulled the chair because she did not apologize to him or ask him whether he was hurt. Butler stated that he heard McNeal "giggling or something" and saying "thank you" to the other teacher. He went into her classroom for a few minutes but then left to go to the office and call his mother. Before he could use the phone, however, McNeal arrived, and he testified that she took him by the arm to the assistant principal's office.

Butler argues that the trial court erroneously granted summary

---

[3] In fact, the record is undisputed that he did not tell McNeal or anyone else at the school that he was injured, nor did he act in a manner that made him appear to have any injuries.

judgment to McNeal on the ground that disputed issues of fact exist as to how the incident happened and the extent of his injuries. Indeed, the accounts of the incident by McNeal and Butler do differ in some respects. But these factual discrepancies are not controlling on the issue of whether McNeal was entitled to official immunity. Public officials are protected from personal liability for discretionary actions taken within the scope of their professional authority, if those actions are not accompanied by actual malice or actual intent to cause injury. *Daniels v. Gordon*, 232 Ga. App. 811, 813 (2) (503 SE2d 72) (1998). And "the general task imposed on teachers to monitor, supervise, and control students has also been held to be a discretionary action which is protected by the doctrine of official immunity." (Citations and punctuation omitted.) Id.

Here, McNeal was simply exercising her discretionary authority to monitor, control, and supervise the children in her school, after hearing the disruption in the neighboring class. Liability could therefore attach only if her actions were undertaken with actual malice, which "requires a deliberate intention to do wrong." *Merrow v. Hawkins*, 266 Ga. 390, 391 (467 SE2d 336) (1996). Furthermore, malice in this context cannot be implied, see *Crisp County School System v. Brown*, 226 Ga. App. 800, 802 (2) (487 SE2d 512) (1997), and "[a]ctual malice requires more than harboring bad feelings about another." *Adams v. Hazelwood*, 271 Ga. 414, 415 (2) (520 SE2d 896) (1999). Regardless of the discrepancies between the accounts of the parties as to *how* the incident occurred, even construing the facts in favor of Butler, as nonmovant on motion for summary judgment, the record does not show that McNeal acted with actual malice or that she intended to injure Butler. See *Daniels*, supra, 232 Ga. App. at 813. The trial court correctly granted summary judgment to McNeal based on the doctrine of official immunity.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED OCTOBER 17, 2001.

*Anthony T. Pete*, for appellant.
*McLeod, Benton, Begnaud & Marshall, Malcolm C. McArthur*, for appellee.