**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**October 3, 2012**

# In the Court of Appeals of Georgia

A12A1140. McSMITH v. BROWN.

MCFADDEN, Judge.

Derek LeRoy McSmith appeals pro se from the trial court's order dismissing, for failure to state a claim, his malicious prosecution action against Greg Brown, an assistant solicitor in the office of the Fulton County Solicitor-General. Because we agree with the trial court that Brown is entitled to prosecutorial immunity from this suit, we affirm.

"We review de novo the grant of a motion to dismiss for failure to state a claim and construe the complaint's factual allegations in favor of the plaintiff." (Citation omitted.) *Thomas v. Bank of Am. Corp.*, 309 Ga. App. 778 (771 SE2d 371) (2011). McSmith made the following allegations in his complaint: that he was issued multiple traffic citations on December 22, 2009; that he pled not guilty to the traffic citations

and demanded a jury trial; that Brown was designated as a special prosecutor for his case after the assigned solicitor recused; that Brown maliciously amended the accusation to include a count of DUI less safe involving marijuana; that during the December 22 traffic stop no marijuana had been found on his person or in his vehicle; that none of the traffic citations issued at that stop were for possession of marijuana or DUI less safe involving marijuana; that a jury subsequently found him not guilty of the DUI charge; and that he had "satisfie[d] all elements to bring a malicious prosecution claim."

Brown moved to dismiss the complaint for failure to state a claim under OCGA § 9-11-12 (b) (6), arguing, inter alia, that the claim was barred by the doctrine of prosecutorial immunity. The trial court agreed and granted Brown's motion on this ground, among others.

OCGA § 15-18-74 (c) provides that "[s]olicitors-general of state courts and their staff shall be entitled to immunity from private suit for actions arising from the performance of their official duties to the same extent as district attorneys." Under our state constitution, "[d]istrict attorneys shall enjoy immunity from private suit for actions arising from the performance of their duties." Ga. Const. of 1983, Art. VI, Sec. VIII, Para. I (e). The rationale behind this immunity is that

prosecutors, like judges, should be free to make decisions properly within the purview of their official duties without being influenced by the shadow of liability. Therefore, a [solicitor] is protected by the same immunity in civil cases that is applicable to judges, provided that his acts are within the scope of his jurisdiction. The determining factor appears to be whether the act or omission is intimately associated with the judicial phase of the criminal process.

(Citations, punctuation and emphasis omitted.) *Robbins v. Lanier*, 198 Ga. App. 592, 593 (2) (402 SE2d 342) (1991).

In his complaint, McSmith alleged that Brown's act of adding a DUI count to his accusation constituted prosecutorial misconduct. "[A] prosecutor's decision to file formal criminal charges against an individual is an act intimately associated with the judicial phase of the criminal process." Id. Consequently, McSmith's action against Brown is barred by the doctrine of prosecutorial immunity, and the trial court did not err in dismissing the complaint for failure to state a claim. See id. Cf. *Battle v. Sparks*, 211 Ga. App. 106, 107 (438 SE2d 185) (1993) (affirming trial court's decision not to allow filing of pro se, indigent complaint alleging, inter alia, that district attorney and assistant district attorneys had illegally obtained indictment against him, holding that complaint failed to allege facts stating claim for relief because defendants were entitled to prosecutorial immunity).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*