A90A2084. McBRIDE v. WETHERINGTON.
(403 SE2d 873)

COOPER, Judge.

Appellant is an inmate who filed a pro se civil complaint against the police chief of Columbus, Georgia, alleging a violation of the Georgia public records statute, OCGA § 50-18-70 et seq. On March 5, 1990, appellant wrote to appellee and requested the police department's investigatory files with regard to the crimes for which he had been convicted. The letter was received by the police department on March 8, 1990. On March 9, 1990, appellee responded to appellant's request by letter, informing him that disclosure of the records was not required pursuant to OCGA § 50-18-72 (a) (4) because there was continuing litigation in the case. Appellant filed his complaint on June 28, 1990, asserting that appellee had deliberately denied him access to public records and requesting $5,000 in compensatory damages, $10,000 in punitive damages, a jury trial and a declaratory judgment. Appellant filed a pauper's affidavit along with his complaint. On July 19, 1990, appellee filed an answer and a motion to dismiss, asserting that appellant failed to state a claim, that the court lacked subject matter jurisdiction since appellee was willing to supply the records to appellant upon payment of a copying fee as authorized in OCGA § 50-18-71 (c) in the total amount of $2.50, and that OCGA § 50-18-73 does not authorize compensatory or punitive damages in actions brought to enforce the statute. The trial court granted the motion to dismiss "for all of the reasons asserted [in the motion to dismiss]," and ordered appellant to tender the $2.50 copying charge to appellee. Appellant appeals, pro se, the granting of appellee's motion to dismiss.

OCGA § 50-18-70 (c) provides that the person in control of the public records requested shall have a reasonable amount of time to determine if the records are subject to access, such time not to exceed three business days. OCGA § 50-18-72 (a) (4) exempts from public disclosure "[r]ecords of law enforcement . . . agencies in any pending investigation . . ., other than initial police arrest reports, accident reports, and incident reports." Contrary to appellant's contentions, appellee promptly responded to his request for "investigatory files" and determined at that time that the records were not subject to disclosure because of an ongoing investigation. There is no evidence in the

record to indicate that this determination by appellee was not appropriately made or that appellee deliberately denied access to the records. In any event, OCGA § 50-18-73 (b) only authorizes an award of attorney fees and expenses of litigation in actions brought to enforce the statute if the court determines that the action constituting a violation of the statute was completely without merit as to law or fact. Compensatory and/or punitive damages are not authorized.

Several months after appellant's initial request, when appellant filed his complaint, appellee determined that the records were at that time no longer exempt from disclosure and offered to provide copies of the records upon the payment by appellant of a copying fee of 25 cents per page as authorized by OCGA § 50-18-71 (c). Thus, the total fee due from appellant for the disclosure he requests is $2.50. There is no provision in the statute for the excusal of the payment of fees upon filing a pauper's affidavit, compare OCGA § 15-6-77 (b) (4) and OCGA § 21-3-90 (b), and we have located no case law which allows such an excusal. In sum, appellant has not shown that appellee violated the statute in initially refusing to disclose and in any event the relief requested by appellant is not authorized by the statute, and further the disclosure sought by appellant is now available to him pursuant to the statute. For all these reasons, we affirm the motion to dismiss granted by the trial court.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 8, 1991.

Embery McBride, *pro se.*
*Clifton C. Fay*, for appellee.