## A07A2356. CHISOLM v. TIPPENS et al.
(658 SE2d 147)

MIKELL, Judge.

Marvin Chisolm, pro se, filed suit against the Cobb County School District and various school officials and employees, including teachers and principals (collectively "defendants"), asserting various federal claims and state claims, including mental anguish, neglect, harassment, cruelty, reprisal, discrimination, defamation, and punitive damages all arising from defendants' alleged actions in denying Chisolm access to his daughter's educational records and rejecting his request for a full evaluation of her to rule out a learning disorder. The trial court granted defendants' motion to dismiss for failure to state a claim, and we affirm.

> A motion to dismiss may only be granted if the allegations in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim. We review the trial court's ruling on a motion to dismiss de novo, construing the pleadings in favor of the plaintiff.[1]

According to the complaint, Chisolm has joint legal custody of his daughter, Paris A. Chisolm, a student who attended Norton Park Elementary School and Floyd Middle School in the Cobb County School District, from October 3, 1997, through 2005. Paris allegedly suffers from medical conditions affecting her eyesight and has been identified as developmentally delayed. From 1997 through 2005, Chisolm was denied access to review school records, report cards, and progress reports pertaining to his daughter. On October 15, 2003, Chisolm requested a full evaluation of his daughter to rule out a learning disorder. This request was denied. Subsequently, Chisolm complained to the State Department of Education, the United States Department of Education Civil Rights Office, and elected officials. From 2004 through 2005, Chisolm withdrew his complaints pending a decision by Floyd Middle School to place his daughter in a special reading and writing class. Floyd Middle School did not do so. Chisolm also alleges that on April 30, 2005, he was harassed off school grounds by defendant Kelly Sullivan, a teacher at Floyd Middle School, who "was exhibiting herself and a gentleman in an attempt to . . . intimidate," and who later "utilized deception, false accusations, in a

---

[1] (Punctuation and footnotes omitted.) *Reid v. City of Albany*, 276 Ga. App. 171 (622 SE2d 875) (2005). See also *Bynum v. Horizon Staffing*, 266 Ga. App. 337, 338 (1) (596 SE2d 648) (2004).

letter to me and utterance which constitute defamation of my character and libel/slander."

On October 9, 2006, Chisolm filed the instant action in the State Court of Cobb County against Cobb County and the defendants alleging discrimination under Section 504 of the Rehabilitation Act, 29 USC § 794, violations of the Individuals with Disabilities Education Act, 20 USC § 1400 et seq., violations of the No Child Left Behind Act, 20 USC § 6301 et seq., and various state claims, including mental anguish, neglect, harassment, cruelty, reprisal, discrimination, and defamation, and seeking $12,000,000 in general and special damages, and $2,000,000 in punitive damages. On November 13, 2006, defendants filed a notice of removal to federal court and a motion to dismiss. On November 27, 2006, Chisolm filed motions for summary judgment in state and federal court. Defendants responded to the motion for summary judgment and moved to dismiss the complaint. The district court granted the motion to dismiss as to all claims asserted under federal law,[2] but denied it as to the state law claims, denied Chisolm's motion for summary judgment as moot, and remanded the case back to the state court. Defendants then filed a motion to dismiss all state claims for failure to state a claim, which was granted by the trial court. This appeal followed.

1. We first address defendants' claim that this appeal should be dismissed because Chisolm has not raised any legal issues in his enumerated errors. In this regard,

> we are guided by the general rule that pro se pleadings are held to less stringent standards than pleadings that are drafted by lawyers, and by the statutory provision that where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed.[3]

Though Chisolm's enumerations of error are somewhat convoluted and unclear, we review them in accordance with these standards.

---

[2] To the extent Chisolm contends that he is entitled to pursue his federal law claims in state court, we note that res judicata precludes the relitigation of those claims. See *Bradley v. Ga. Institute of Technology*, 228 Ga. App. 216, 217 (1) (491 SE2d 453) (1997) (federal court's entry of summary judgment against plaintiff/employee in prior Title VII race discrimination claim precluded her from raising identical claim in state court).

[3] (Punctuation and footnote omitted.) *Jorisch v. Rhythm Festival*, 247 Ga. App. 470, 472 (1) (544 SE2d 459) (2001).

2. In three related enumerations of error, Chisolm contends that the trial court erred in granting defendants' motion to dismiss because defendants acted in a malicious and discriminatory manner in obstructing his efforts to become involved in Paris's education, in refusing Chisolm's "full evaluation testing request," in denying Paris much needed academic assistance, and in "setting up" Paris for failure.

(a) Chisolm contends that defendants are liable under various state tort theories for their unlawful actions. Defendants contend that they are immune from liability.

> It is well established that, in the absence of some special circumstance, claims against a public school district and its officials in their official capacity are barred by sovereign immunity. This immunity applies equally to claims in negligence and in nuisance. School districts and boards are entitled to sovereign immunity, and their employees are entitled to official immunity from personal liability for injuries sustained as a result of the negligent performance of discretionary official acts.[4]

As we indicated in *Gamble v. Ware County Bd. of Ed.*,[5] a state agency may waive its sovereign immunity only through an act of the legislature which expressly provides for and sets forth the extent of such a waiver.[6] For example, the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., provides for a limited waiver of the state's sovereign immunity for the torts of its officers and employees; however, it expressly excludes school districts or other "local authorities" from the waiver.[7] Accordingly, the trial court properly dismissed Chisolm's tort claims against the Cobb County School District.

Similarly, the trial court was authorized to dismiss Chisolm's tort claims against the employees of the Cobb County School District. As noted above, the doctrine of official immunity "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice or corruption."[8] A public officer or employee may be held personally liable only for ministerial acts negligently performed or

---

[4] (Citations and footnote omitted.) *Crisp County School Dist. v. Pheil*, 231 Ga. App. 139, 140 (1) (498 SE2d 134) (1998). See Ga. Const. of 1983, Art. I, Sec. II, Par. IX.

[5] 253 Ga. App. 819 (561 SE2d 837) (2002).

[6] Id. at 823 (2) (b).

[7] OCGA §§ 50-21-22 (5); 50-21-23 (a).

[8] (Citation and punctuation omitted.) *Murphy v. Bajjani*, 282 Ga. 197, 198 (1) (647 SE2d 54) (2007).

acts performed with malice or intent to injure.[9] "In other words, public agents can only be sued in their official capacities if they (1) negligently perform a ministerial duty, or (2) act with actual malice or actual intent to cause injury while performing a discretionary function."[10]

> A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.[11]

The determination of whether an action is discretionary or ministerial must be made on a case-by-case basis.[12] Chisolm contends in his reply brief that defendants negligently performed their ministerial functions "based upon actual malice with actual intent." We cannot agree with Chisolm that decisions by school officials regarding the evaluation, placement, or delivery of educational services to his daughter are ministerial. Such decisions are purely discretionary and must be performed with actual malice to be actionable. " 'Actual malice' . . . denotes 'express malice,' i.e., 'a deliberate intention to do wrong,' and does not include 'implied malice,' i.e., the reckless disregard for the rights or safety of others."[13] Chisolm complains that school officials refused to set up conferences with him, refused to allow him to be involved in the PTSA, and failed to place Paris in a specific class per his request, all of which set her up for failure. None of these alleged acts shows the malicious, wilful, or wanton conduct necessary to overcome defendants' claim of immunity.

(b) The trial court also properly dismissed Chisolm's discrimination claim. In his complaint, Chisolm alleges that "defendants [sic] conduct is in violation of federal and state statutes which require no distinction be made between people in educational activities." The petition does not state what provisions of the state or federal constitution are alleged to be violated. Moreover, as noted by the district court in its order of dismissal, the complaint makes no reference to 42

---

[9] See *Nichols v. Prather*, 286 Ga. App. 889, 896 (4) (650 SE2d 380) (2007).

[10] (Citation omitted.) *Daniels v. Gordon*, 232 Ga. App. 811, 813 (2) (503 SE2d 72) (1998), citing *Teston v. Collins*, 217 Ga. App. 829, 830 (1) (459 SE2d 452) (1995).

[11] (Citation omitted.) *Teston*, supra.

[12] *Crisp County School System v. Brown*, 226 Ga. App. 800, 803 (2) (487 SE2d 512) (1997).

[13] (Citation omitted.) *Murphy*, supra at 203 (4).

USC § 1983.[14] To the extent Chisolm contends that he and Paris were deprived of their rights under § 1983 by school officials' failure to comply with OCGA §§ 9-3-33, 20-2-720, and 20-2-751.4, the claim fails. As we have held previously, the violation of a state statute cannot provide the basis for a claim under 42 USC § 1983.[15]

(c) Chisolm's remaining allegations against school officials include cruelty to children and neglect, violations of OCGA §§ 20-2-720 and 20-2-751.4, and defamation. We address these claims separately, and for the reasons that follow, find that the trial court properly dismissed them.

(i) Cruelty to children, OCGA § 16-5-70, is a criminal statute. "The violation of a penal statute does not automatically give rise to a civil cause of action on the part of one who [is] injured thereby."[16] We know of no instance where this Code section has been used to create a private cause of action and Chisolm has not directed us to one.

(ii) OCGA § 20-2-751.4 provides for the adoption of policies addressing bullying of a student by another student. Nothing in Chisolm's complaint can be construed as a claim that Paris was bullied by another student and that defendants failed to adopt policies prohibiting such bullying.

(iii) OCGA § 20-2-720 provides that

> [n]o local school system, whether county, independent, or area, shall have a policy of denying, or which effectively prevents, the parents of students who are in attendance at or who have been enrolled in any facility within such system the right to inspect and review the education records of their child. A parent shall be entitled to inspect and review only information relating to his or her own child and if any material or document in a child's record includes information on another student, such information regarding any other student shall not be made available for inspection or review except to the parents of that student. Both parents of a child shall be entitled to inspect and review the education records of their child or to be provided information concerning their child's progress. Information concerning a child's education record shall not be withheld from the noncustodial parent unless a court order has specifically removed the

---

[14] See, e.g., *Gamble*, supra at 828-829 (6) (trial court properly refused to file complaint which broadly asserted that defendants discriminated against plaintiff and violated his due process and equal protection rights).

[15] See *Allen v. Bergman*, 201 Ga. App. 781, 783 (3) (b) (412 SE2d 549) (1991).

[16] (Citation and punctuation omitted.) *Rolleston v. Huie*, 198 Ga. App. 49, 50 (2) (400 SE2d 349) (1990).

right of the noncustodial parent to such information or unless parental rights have been terminated. For purposes of this Code section, "education records" shall include attendance reports and records.

OCGA § 20-2-720 contains no provision creating a private cause of action in favor of a parent denied access to a child's education records.[17] Even assuming the existence of such a private cause of action, however, we know of no authority under which Chisolm can recover monetary damages for such a violation. We find OCGA § 20-2-720 analogous to the Open Records Act, OCGA § 50-18-70 et seq., which permits any citizen of this state to inspect public records of an agency, as defined in OCGA § 50-18-70 (a), except those that are prohibited or exempted from public inspection by law or court order.[18] That Act does not permit recovery of compensatory or punitive damages.[19] In this case, pretermitting whether Chisolm can show a violation of the statute, damages are not an enforcement mechanism.[20]

(iv) Lastly, Chisolm's defamation claim against school officials, primarily defendant Sullivan, also fails. To the extent Chisolm alleges that Sullivan's actions on April 30, 2005, defamed him, this claim is barred by OCGA § 9-3-33, which provides that actions for injuries to reputation must be brought within one year of the date of the alleged defamatory acts. Chisolm's complaint was filed one year and six months after the alleged defamatory act.

To the extent Chisolm's complaint alleges that Sullivan's letter defamed him, such allegation fails as a matter of law. In order to recover for libel or slander, a plaintiff must show that the offending statement was "published," or communicated to another person other than the impugned party.[21] In the instant case, there is no claim that the alleged defamatory letter was published to anyone other than Chisolm. Without publication there can be no cause of action for defamation. The trial court did not err in dismissing Chisolm's complaint for failure to state a claim.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

---

[17] See, e.g., *Murphy*, supra at 200-201 (2) (penal statute requiring school personnel to report crimes committed by students on school property does not create civil cause of action for damages in favor of victim allegedly harmed by violation of the statute).

[18] OCGA § 50-18-70 (b).

[19] *Wallace v. Greene County*, 274 Ga. App. 776, 781 (2) (618 SE2d 642) (2005).

[20] See, e.g., *McBride v. Wetherington*, 199 Ga. App. 7 (403 SE2d 873) (1991).

[21] OCGA §§ 51-5-1 (b); 51-5-3. See also *Fink v. Dodd*, 286 Ga. App. 363, 367-368 (1) (b) (649 SE2d 359) (2007); *Baskin v. Rogers*, 229 Ga. App. 250, 252 (3) (493 SE2d 728) (1997).

DECIDED FEBRUARY 5, 2008 —
RECONSIDERATION DENIED FEBRUARY 26, 2008 

Marvin Chisolm, *pro se.*

Brock, Clay, Calhoun & Rogers, Carlton L. Kell, Randall C. Farmer, Aric M. Kline, for appellees.