## A09A1682. ROBINSON et al. v. GLOBAL RESOURCES, INC.

(684 SE2d 104)

BLACKBURN, Presiding Judge.

In this civil action, Global Resources, Inc. sued Theodore Robinson, Philip Burruss, and Charles Jordan (collectively "defendants"), alleging several claims arising out of defendants' default on three installment loans. Defendants, acting pro se, appeal the grant of summary judgment to Global Resources, arguing that the trial court erred in finding that defendants failed to respond to Global Resources's requests for admission and thus conclusively admitted to the allegations addressed in those requests. For the reasons set forth below, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1] "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." (Punctuation omitted.) *McCall v. Couture.*[2]

The record shows that Global Resources alleged that from late 2003 to late 2004, it loaned defendants, who were doing business under the name Affinity Bankcorp., Inc. ("ABI"), a total of $450,000 via three separate installment loans. However, Global Resources alleged that ABI was never incorporated or authorized to do business in the State of Georgia. Global Resources further alleged that defendants failed to repay the loans, and thus, Global Resources sued them, filing a complaint that posited several different claims. Defendants, acting pro se, have disputed nearly all of these allegations.

At the same time that it filed its complaint, Global Resources served defendants with interrogatories, requests for production of documents, and requests for admission. Approximately 30 days later, defendants each filed a separate but similar document, which was titled "Defendant's Answer & Counterclaim to Plaintiff" and which contained specific admissions, denials, and various other responses to numbers 1 through 67 of Global Resources's allegations.

One month later, Global Resources filed a motion for summary judgment, arguing that defendants had failed to respond to its requests for admission, and therefore had admitted to the material allegations contained in those requests that pertained to defendants' failure to repay the installment loans. See OCGA § 9-11-36 (a) (2).

---

[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843, 843 (575 SE2d 732) (2002).

[2] *McCall v. Couture*, 293 Ga. App. 305, 305 (666 SE2d 637) (2008).

Thereafter, the trial court granted summary judgment in favor of Global Resources, finding that defendants had failed to respond to the requests for admission and thus had admitted to Global Resources's material allegations as a matter of law. This appeal followed.

In their sole enumeration of error, defendants contend that the trial court erred in granting summary judgment to Global Resources on the ground that defendants failed to respond to Global Resources's requests for admission. We agree and therefore reverse the grant of summary judgment.

It is well settled that a party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests. OCGA § 9-11-36 (b); *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors.*[3] "This is true even if the requested admissions require opinions or conclusions of law, so long as the legal conclusions relate to the facts of the case." *Fox Run Properties v. Murray.*[4] See *G. H. Bass & Co.*, supra, 268 Ga. at 329 (1). As our Supreme Court has stated, "[t]he language in OCGA § 9-11-36 (a) is clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission." (Punctuation omitted.) *G. H. Bass & Co.*, supra, 268 Ga. at 331 (2). "Thus, matters deemed admitted under this statute become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion." (Punctuation omitted.) *Fox Run Properties*, supra, 288 Ga. App. at 569 (1).

In this matter, we disagree with the trial court's conclusion that defendants failed to respond to Global Resources's requests for admission. There is no doubt that the documents are confusingly titled and state that defendants are answering Global Resources's complaint. However, we judge pleadings and similar documents by their content and not by their name. See *J & M Aircraft &c. v. Johnston County Airport Auth.*[5] Cf. *Chisolm v. Tippens*[6] (pro se pleadings generally are held to less stringent standards than pleadings that are drafted by lawyers). Here, the documents are clearly responding to the requests for admission rather than to Global Resources's complaint. First, defendants' answers provide admis-

---

[3] *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 329 (1) (486 SE2d 810) (1997).

[4] *Fox Run Properties v. Murray*, 288 Ga. App. 568, 569 (1) (654 SE2d 676) (2007).

[5] *J & M Aircraft &c. v. Johnston County Airport Auth.*, 269 Ga. App. 800, 801 (1) (605 SE2d 611) (2004).

[6] *Chisolm v. Tippens*, 289 Ga. App. 757, 758 (1) (658 SE2d 147) (2008).

sions, denials, and other responses to 67 of Global Resources's allegations and thus match the exact number of Global Resources's requests for admission. In contrast, Global Resources's complaint contains 86 numbered paragraphs followed by an additional nine requests for judgment. If the documents in question were intended as answers to the allegations in Global Resources's complaint, it is quite odd that all three defendants would have simply stopped answering the complaint's claims after the 67th allegation.

Additionally, the actual responses contained in defendants' answers clearly correspond to Global Resources's requests for admission. Indeed, a review of several of the following responses, in which defendants did not simply admit or deny the allegations, demonstrates that they only make sense as responses to requests for admission.

For example, Global Resources's Request No. 17 states: "Please admit that ABI was never fully incorporated and authorized to do business in any state." Response No. 17 in defendant Robinson's answer states: "Not incorporated/aka County." In contrast, paragraph 17 of Global Resources's complaint, which appears to be incomplete, alleges: "Defendants Robinson, Jordan, and Burruss all knew that the State of Georgia had sent notice that Affinity Bankcorp. Inc."

Global Resources's Request No. 50 states: "Please admit that by March 2005, that you had a *special duty* owed to the Plaintiff." (Emphasis supplied.) Response No. 50 in defendant Robinson's answer states: "Denied. Explain 'special duty.' " In contrast, paragraph 50 of Global Resources's complaint has no mention of a "special duty" but alleges: "Defendants unjustly received $250,000.00, and have an obligation to return these funds to Plaintiff with interest at the rate of 15% per year."

Global Resources's Request No. 4 states: "Please admit that Defendants Robinson, Jordan, and Burruss operated under the name 'Affinity Bankcorp International,' or Affinity Bankcorp Inc., also known as, 'ABI' from approximately April 2003 until March 2005." Response No. 4 in both defendants Jordan's and Burruss's answers states: "Denied — I only acted as a voluntary advisor with no official capacity, control or authority with the company." In contrast, paragraph 4 of the complaint alleges: "1st Affinity, Inc. (1st Affinity) is a foreign corporation. The registered agent is Theodore H. Robinson, at 1 Glenlake Parkway, Suite 700, Atlanta, Fulton County, Georgia 30328."

Request for admission No. 21 states: "Please admit that under the *terms* of the First Loan (as defined in the complaint) that, interest would accrue at the rate of 15% per year for 24 months." (Emphasis supplied.) Response No. 21 in both defendants Jordan's

and Burruss's answers states: "Admitted, though I'm not sure of the terms." Paragraph 21 of Global Resources's complaint alleges: "However, FirstChristianBank.com and FirstAffinityBank.com were not banks. Likewise, the Defendants knew that it was unlikely for a Defendants['] agreement to be entered into with any charter bank. Nonetheless, the Defendants continued to seek funds from Plaintiff."

Request No. 29 states: "Please admit that in total, Plaintiff loaned $450,000.00 (hereafter 'Plaintiff's Loans') to ABI, and please admit that ABI received $450,000.00." Response No. 29 in both defendants Jordan's and Burruss's answers states: "Denied, while $450,000 was received, I don't believe it was all in the form of a loan." In contrast, paragraph 29 of Global Resources's complaint alleges: "As of March 3, 2005, Defendants had already used all of Plaintiff's Funds. Since ABI was non-existent and now defunct corporation, the Defendants had a special duty to Plaintiff as a creditor."

Request No. 33 states: "Please admit that by . . . March 1, 2005, all or substantially all of Plaintiff's monies (in the amount of $450,000) was already spent." Response No. 33 in both defendants Jordan's and Burruss's answers states: "I don't know. I had no control, knowledge or responsibility over the money." In contrast, paragraph 33 of the complaint alleges: "Plaintiff continued to request financial information but the Defendants never provided this information."

Request No. 66 states: "Please admit that in a correspondence dated April 25, 2008, Plaintiff demanded the payment under the Plaintiff's Loans. Please admit that Defendants have failed to make any payments." Response No. 66 in both defendants Jordan's and Burruss's answers states: "Admitted. The demand was made but in error as I do not owe any amount of money to Plaintiff." In contrast, paragraph 66 of the complaint alleges:

> In the event that it is determined that the Subscription Agreement is valid, then all of the Defendants, by virtue of the Officer and Director Defendants' positions within 1st Affinity, (or in the event that it is determined that ABI is somehow a defacto corporations [sic], Defendants' position with ABI) and because of their ability to control the business and corporate affairs of 1st Affinity (or ABI), the Officer and Director Defendants were in a confidential fiduciary relationship with 1st Affinity (or ABI) and owed Plaintiff the highest duties of due care, loyalty, honesty, good faith, and fair dealing.

In light of this comparison between Global Resources's requests for admission, the allegations of its complaint, and the more detailed responses contained in defendants' answers, it is evident that those responses pertain to the requests for admission. To construe them as answers to the allegations in Global Resources's complaint would in many instances render them nonsensical.

Furthermore, all three of defendants' answers conclude with the following: "I have not directly responded to Plaintiff's interrogatories and production requests because the claims against me are totally without merit and these requests would place a great burden on me." Although the trial court interpreted this statement to mean that defendants had not responded to *any* of Global Resources's discovery requests, we believe that a more reasonable interpretation is that, having responded to Global Resources's 67 requests for admission, defendants were noting that they would not be responding to Global Resources's remaining discovery requests.

Given the foregoing reasoning, we find that defendants' answers were an attempt to respond to Global Resources's requests for admission. Accordingly, we reverse the trial court's grant of summary judgment based on its conclusion that defendants completely failed to respond to those requests.

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED SEPTEMBER 3, 2009 —
RECONSIDERATION DENIED SEPTEMBER 22, 2009.

Theodore H. Robinson, *pro se*.
Charles Jordan, *pro se*.
Philip T. Burruss, *pro se*.
*Krause, Golomb & Witcher, Roger F. Krause*, for appellee.