### A11A0217. CARDINALE v. CITY OF ATLANTA et al.
(706 SE2d 692)

McFADDEN, Judge.

Matthew Cardinale filed a pro se complaint against the City of Atlanta and several city officials (collectively, "the City") for failure to comply with the Open Meetings Act, OCGA § 50-14-1 et seq. ("the Act"). The City moved to dismiss Cardinale's complaint for failure to state a claim. The trial court granted the motion, and Cardinale appeals. Cardinale argues that the minutes of a meeting of the Atlanta City Council omit information required by the Act, but the language of the Act does not support his contention. He also argues that his complaint states a claim against the City for failure to advertise the meeting as required by the Act, but his complaint only refers in passing to the possibility that the City may have violated the advertising requirement. We therefore agree that his complaint fails to state a claim and affirm.

A motion to dismiss may be granted "if the allegations in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim." (Punctuation omitted.) *Chisolm v. Tippens*, 289 Ga. App. 757 (658 SE2d 147) (2008). We review the trial court's ruling on a motion to dismiss de novo, construing the pleadings in favor of the plaintiff. Id.

Viewed in this manner, Cardinale's complaint shows that in February 2010, the Atlanta City Council held its annual elected officials' retreat at the Georgia Aquarium. The event was advertised as a "public meeting." During the retreat, members of the City Council voted on whether to amend its rules regarding public comment at council committee meetings. According to the complaint, members voted eight to seven not to amend the rules. The minutes of the meeting, however, did not reflect how each member voted. Instead, the minutes stated: "After an extensive discussion it was determined that the membership was not in support of amending the existing law."

Following the meeting, Cardinale sought information from the

City regarding how the members voted on the issue. Although he obtained information from several individual members, others did not disclose their votes. Cardinale subsequently filed this action, alleging that he had a statutory right under the Act to detailed information about the vote. He sought details on who voted for and against the proposed rule change, a declaration that the City had acted unlawfully by not providing the vote information, and an injunction ordering the City to amend the meeting minutes to reflect the information. Cardinale also asked the trial court to fine the individual defendants for failing to comply with the Act.

The City moved to dismiss the complaint, arguing that the Act did not require a detailed record of the vote at issue. The trial court granted the City's motion. This appeal followed.

1. Pursuant to OCGA § 50-14-1 (e) (2), meeting minutes of governing bodies that fall within the Act must, at a minimum,

> include the names of the members present at the meeting, a description of each motion or other proposal made, and a record of all votes. In the case of a roll-call vote the name of each person voting for or against a proposal shall be recorded and in all other cases it shall be presumed that the action taken was approved by each person in attendance unless the minutes reflect the name of the persons voting against the proposal or abstaining.

Cardinale argues that, pursuant to this provision, the City was required to set out in the minutes how each member voted. We disagree. Without dispute, the vote at issue was not a "roll-call" vote. And by its plain terms, the statute only requires that names of persons voting for or against a proposal be recorded "[i]n the case of a roll-call vote." OCGA § 50-14-1 (e) (2). The results of all other votes are presumed unanimous unless the minutes reflect otherwise. Id.

Seeking to avoid the statute's plain language, Cardinale notes that the vote in this case was not unanimous. He argues, therefore, that a presumption of unanimity makes no sense here. Relying on the principle that a statute should not be given an absurd construction, he contends that the portion of OCGA § 50-14-1 (e) (2) addressing "all other cases" must be viewed as requiring detailed information about any vote that is not unanimous.

The fundamental rules of statutory construction, however, "require us to construe a statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage." (Punctuation omitted.) *Beneke v. Parker*, 285 Ga. 733, 734 (684 SE2d 243) (2009). Ultimately, "we must seek to effectuate the intent of the legislature."

(Punctuation omitted.) Id. Through its statutory language, the legislature expressed an intent to require detailed voting information only for roll-call votes. It could have placed a similar requirement on other types of votes, but it did not. Imposing such a requirement at this point would render the specific language relating to roll-call votes meaningless and would undermine the legislature's intent. See id.

Nothing in OCGA § 50-14-1 demands detailed information on nonroll-call votes, and we cannot graft such a requirement onto the provision. Accordingly, neither the City nor its officials violated the Act by refusing to provide Cardinale with additional information about the public comment vote. The trial court, therefore, properly dismissed Cardinale's vote-related claims. See *Chisolm*, supra.

2. Alternatively, Cardinale asserts that he has sufficiently alleged a claim against the City for failure to properly advertise the retreat meeting pursuant to OCGA § 50-14-1 (d). Cardinale's complaint contains no such allegation, however. It focuses on the alleged violation of the vote reporting requirement. The causes of action and requested relief relate to the voting issue, and the preamble to his complaint states that he brought the action to address that alleged violation. The only reference to the advertising requirement occurs in the first paragraph of the complaint's "factual background" section, which states: "According to Clerk Johnson, the meeting was advertised as a public meeting and was open for members of the public to attend, although it is not immediately clear whether the meeting was adequately advertised in compliance with the law."

The City argues, and the trial court found, that this factual assertion did not allege a violation of the Act's advertising requirements and thus was insufficient to state a claim. We agree. Cardinale has not alleged that an advertising violation actually occurred, and he has not sought relief for such a violation. We recognize that a pro se complaint "is not held to stringent standards of formal pleadings." *Johnson v. Jones*, 178 Ga. App. 346, 349 (343 SE2d 403) (1986). At base, however, a complaint must offer a short, plain statement that places a defendant on notice of what claims are alleged. See *Dillingham v. Doctors Clinic*, 236 Ga. 302, 303 (223 SE2d 625) (1976). A complaint will be dismissed if it alleges no claim for relief. See *Massey v. Perkerson*, 129 Ga. App. 895, 896 (2) (201 SE2d 830) (1973).

Although Cardinale's complaint clearly alleged a violation of the Act's vote reporting requirement, it did not allege an advertising violation. The City was not placed on fair notice that the case involves an advertising violation claim. Cardinale has not alleged any facts supporting such a claim. His appellate brief notes simply that he would like to explore through discovery whether the City met the

advertising requirements. Consequently, the trial court properly dismissed Cardinale's complaint relating to the advertising issue. See *Ralston Purina Co. v. Acrey*, 220 Ga. 788, 791 (1) (142 SE2d 66) (1965) (statement asserting mere possibility that violation occurred does not amount to allegation that statute was violated).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 10, 2011 —
RECONSIDERATION DENIED MARCH 7, 2011 — 

Matthew Cardinale, *pro se.*
*Amber A. Robinson, Kristen E. Brooks*, for appellees.