**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 16, 2012**

# In the Court of Appeals of Georgia

A12A0808. GRISWOLD et al. v. COLLINS.

McFADDEN, Judge.

Idris Griswold, individually and on behalf of his minor daughter, B. G., brought an action against B. G.'s teacher, Audrey Collins, for assault, battery, and negligence per se based upon Collins's discipline of B. G. at school. The trial court granted summary judgment to Collins, concluding that she was immune from suit and that her alleged acts did not amount to corporal punishment under OCGA § 20-2-730 et seq. (the basis of Griswold's negligence per se claim). Griswold appeals. As detailed below, we find that questions of fact as to her entitlement to immunity preclude Collins from summary judgment on the assault and battery claims, and accordingly we reverse the trial court's judgment as to those claims. We find, however, that Collins is entitled to summary judgment on the negligence per se claim

because her alleged actions did not violate the statutes upon which Griswold premised that claim, and accordingly we affirm the trial court's judgment as to that claim.

"Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. On appeal, we review a trial court's grant of summary judgment de novo, construing the evidence and all inferences drawn from it in a light favorable to the nonmovant." (Citations and punctuation omitted.) *Stolte v. Hammack*, 311 Ga. App. 710 (716 SE2d 796) (2011).

1. *Facts.*

Three incidents form the basis of Griswold's complaint against Collins. The parties strongly dispute much of the evidence pertaining to these incidents; in fact, Collins denies that two of the three incidents occurred at all. Viewed most favorably to Griswold, however, the evidence shows that, in the fall of 2009, B. G. was a second-grade student in a class taught by Collins at a Clayton County elementary school. In early November of that year, B. G. walked across the classroom and put a tissue in the trash. As she was returning to her seat, Collins summoned her. When B. G. approached, Collins struck her bare leg with two rulers, leaving a red mark or bruise.

2

Later in November, B. G. approached Collins with some schoolwork. Collins told B. G. that her answer to one of the problems was incorrect, and then grabbed the girl's shirt collar and pulled it tight, choking her and leaving red marks on her neck. B. G. deposed that Collins held her in this position for two or three minutes.

Finally, on December 4, Collins made B. G. stand in a corner for a "time out" after the girl began dancing in class. At the end of the "time out," Collins asked B. G. to approach her. She then grabbed B. G.'s shirt collar, twisted it, and pulled the girl forward, choking her, snapping her necklace and leaving red marks on her neck. B. G. deposed that, when Collins grabbed and twisted her collar, she "couldn't breathe a little bit." Collins admitted touching B. G.'s collar on this instance, but testified in deposition that she did so to check if B. G. was wearing a school uniform under her sweater.

When Griswold learned about the third incident, he contacted the school's assistant principal and asked to meet that afternoon, a Friday. Dissatisfied with the school's suggestion that the meeting occur the following Monday, Griswold then called the police, who investigated but apparently did not bring any criminal charges against Collins. The school then moved B. G. to a different class.

2. *A fact question exists as to whether Collins is immune from the claims for assault and battery.*

(a) *Official immunity.* Collins asserts that she is entitled to immunity from Griswold's suit under the doctrine of official immunity, which "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption." (Citation and punctuation omitted.) *McDowell v. Smith*, 285 Ga. 592, 593 (678 SE2d 922) (2009); see Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d).

We agree with Collins that her acts toward B. G. were discretionary, not ministerial. As a teacher, Collins was required to exert discipline, control and supervision over the students in her classroom, acts that this Court has held constitute discretionary acts involving the exercise of personal deliberation and judgment. See *Gamble v. Ware County Bd. of Ed.*, 252 Ga. App. 819, 824 (2) (b) (561 SE2d 837) (2002). We are not persuaded by Griswold's argument that, under our Supreme Court's decision in *McDowell v. Smith*, 285 Ga. 592 (678 SE2d 922) (2009), Collins's acts were ministerial because she failed to follow a "simple, absolute, and definite" school policy against touching students to "invoke punishment." The defendant in *McDowell*, a school receptionist, "was merely required to execute

4

specific duties as dictated by the school checkout policies," id. at 593, not to supervise students in a classroom. "Supervision of students is considered discretionary even where specific school policies designed to help control and monitor students have been violated." (Citations omitted.) *Chamlee v. Henry County Bd. of Ed.*, 239 Ga. App. 183, 184 (1) (521 SE2d 78) (1999).

Nevertheless, Collins is not entitled to official immunity as a matter of law because questions of fact exist regarding whether her actions against B. G. were done with wilfulness or actual malice. We recognize that actual malice requires a showing that the actor had a deliberate intention to do wrong, *Adams v. Hazelwood*, 271 Ga. 414 (2) (520 SE2d 896) (1999), and that "[w]ilful conduct is based on an actual intention to do harm or inflict injury." (Citations omitted.) *Chrysler Corp. v. Batten*, 264 Ga. 723, 726 (3) (450 SE2d 208) (1994). But at this stage we must take B. G.'s depiction of the events as true, and she testified that Collins choked her on two different occasions (once for a period of two to three minutes) and hit her bare leg with two rulers on a third occasion. In the process, B. G. testified, Collins made it difficult for her to breathe, broke her necklace, and left noticeable marks on her leg and neck.

If the jury found B. G.'s testimony persuasive, it would be authorized to find that Collins's conduct exceeded the permissive "reasonable physical force" a teacher can use "to keep good order in the classroom," as seen in *Daniels v. Gordon*, 232 Ga. App. 811, 813 (1) (503 SE2d 72) (1998) (citations and punctuation omitted) (involving *uncontroverted* testimony of teacher that she merely grasped middle school student's face to get his attention and stop his misbehavior). A jury reasonably could view the behavior described by B. G. as egregious, unprovoked physical attacks by an adult on a young child. While a jury would not be compelled to accept B. G.'s version of the events or to find that the nature of those actions reflected actual malice or wilfulness on Collins's part, given the girl's depiction of Collins's behavior, a jury *could* find that she deliberately intended to do wrong or to injure the girl.

B. G. and Collins offer two very different versions of the events in this case. Neither the trial court nor this Court may determine whose version is more credible. See *Quarles v. Quarles*, 285 Ga. 762, 763 (683 SE2d 583) (2009) (questions relating to witness credibility are for the factfinder). The factual dispute that exists regarding the nature of Collins's actions toward B. G. precludes a determination as a matter of law that Collins was entitled to official immunity for those actions. See *Porter v. Massarelli*, 303 Ga. App. 91, 96 (2) (692 SE2d 722) (2010).

6

(b) *Immunity under OCGA § 20-2-1000 (b).* Collins also asserts that she is entitled to immunity from Griswold's suit under OCGA § 20-2-1000 (b), which provides that "[n]o educator shall be liable for any civil damages for, or arising out of, any act or omission concerning, relating to, or resulting from the discipline of any student or the reporting of any student for misconduct, except for acts or omissions of willful or wanton misconduct." The term "educator" includes a teacher. OCGA § 20-2-1000 (a). Because this Code section contains an exception for wilful misconduct, a fact question exists as to Collins's entitlement to this immunity for the same reasons as set forth in Division 2 (a). Consequently, there is no merit in Collins's argument that at this time she is entitled to attorney fees in connection with this appeal pursuant to OCGA § 20-2-1000 (c), an issue that is more properly directed to the trial court in any event.

3. *Collins is entitled to summary judgment on the negligence per se claim.*

Griswold also set forth a claim for negligence per se premised on his assertion that Collins "issued corporal punishment not within the guidelines of OCGA §§ 20-2-730, 20-2-731, and 20-2-732." "Negligence per se arises when a statute is violated, the person injured by the violation is within the class of persons the statute was intended to protect, and the harm complained of was the harm the statute was

7

intended to guard against." (Citation and punctuation omitted.) *Chancey v. Peachtree Pest Control Co.*, 288 Ga. App. 767, 770 (2) (b) (655 SE2d 228) (2007); see OCGA § 51-1-6 ("When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby."). The Code sections cited by Griswold, however, govern the actions of school districts in creating corporal punishment policies, not the actions of teachers in complying with those policies. Consequently, Collins's actions did not violate these statutes, and the trial court did not err in granting summary judgment to Collins on the claim for negligence per se.

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Adams, J., concur.*

8