**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 18, 2015**

# In the Court of Appeals of Georgia

A15A1420. DAVIS v. BRANTLEY COUNTY SCHOOL JE-068
     DISTRICT et al.

ELLINGTON, Presiding Judge.

Donna Davis brought this action in the Superior Court of Brantley County against the Brantley County School District, Matt Thrift, and Dean Horne for injuries she received at a school event held at Hoboken Elementary School. Following a hearing, the trial court granted the appellees' motion for summary judgment, based, inter alia, on its conclusion that Thrift and Horne are immune under the doctrine of official immunity. Davis appeals from this ruling, and, for the reasons explained below, we affirm in part and reverse in part.[1]

---

[1] The trial court also determined that Davis's suit against the School District is barred under the doctrine of sovereign immunity. Davis raised no claim of error with regard to this ruling. Thus, any error in that portion of the court's order is deemed abandoned, and the court's grant of summary judgment to the School District

Under OCGA § 9-11-56 (c), a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]"

> On appeal from the grant of summary judgment, we construe the evidence most favorably towards the nonmoving party, who is given the benefit of all reasonable doubts and possible inferences. The party opposing summary judgment is not required to produce evidence demanding judgment for it, but is only required to present evidence that raises a genuine issue of material fact. Our review of the grant or denial of a motion for summary judgment is de novo.

(Citations and punctuation omitted.) *Johnson v. Omondi*, 294 Ga. 74, 75-76 (751 SE2d 288) (2013).

Construing the evidence in the light most favorable to Davis, as the nonmoving party, the record showed the following. On May 12, 2011, Davis attended Hoboken Elementary's "Olympic Day" as the parent of a student. At that time, Thrift was employed as a teacher by the Brantley County School District, and he worked at Hoboken Elementary. Horne was also employed by the School District, as a teacher

---

is affirmed by operation of law. *Cotton v. Smith*, 310 Ga. App. 428, 429 (1) (714 SE2d 55) (2011).

and varsity basketball coach at Brantley County High School. At the time, Horne's son attended Hoboken Elementary and participated in the Olympic Day activities.

As part of Olympic Day, Thrift, along with three other teachers, organized tug-of-war contests in a grassy area inside the school's track. Each contest consisted of ten students from one class grasping one end of a 75-foot rope and ten students from another class grasping the other end. Thrift deposed that, in order to prevent the students from pulling the rope before the teacher signaled the students to pull, the teachers would get "a staff member or some school employee . . . to stand in the middle of the rope. Preferably a bigger person because [the students] are pulling on [the rope]." For a third-grade contest, Thrift asked Horne, whose son was in third grade, to hold the rope down for the contest at issue. Thrift deposed that he repeatedly asked spectators to move back and leave a 10- to 15-foot clearance around the contest. Thrift set up one such contest and gave the signal, "On your mark. Get set. Pull." Just as Thrift yelled, "Pull," and Horne removed his foot from the rope, Davis stepped across the rope. The students' pulling tautened the rope and lifted it at the middle. Davis was thrown to the ground and injured.

Thrift deposed that he was not following any rule, guideline, policy, or procedure regarding how to organize the contests or manage the spectators and was

not directed to have Horne press the rope down before each contest. Hoboken Elementary's principal deposed that the school had no employee rules, guidelines, policies, or procedures in place regarding Olympic Day nor any rules, guidelines, policies, or procedures that an employee was to follow when conducting recreational activities in general. Thrift used his own judgment in determining how to organize, conduct, and supervise the tug-of-war contest, including having Horne press the center of the rope down with his foot. Similarly, Horne was not acting pursuant to any rule or policy, nor to any direction from the School District.

The appellees moved for summary judgment, arguing that Thrift and Horne are entitled to official immunity for suit against them in their personal capacities for actions taken within the scope of their duties as employees of the School District.

1. Davis contends that supervising and conducting a tug-of-war contest is a ministerial duty and, therefore, the doctrine of official immunity does not bar her claims against Thrift and Horne (if Horne was acting as an employee[2]).

School system employees are entitled to official immunity from any claim against them "in their private (individual) capacity, when they are sued for discretionary acts taken within the scope of their employment and without actual

---

[2] See Division 2, infra.

malice or an actual intent to injure." (Citations omitted.) *Crisp County School System v. Brown*, 226 Ga. App. 800, 802 (2) (487 SE2d 512) (1997).[3] Thus, school system employees, like other public officers and employees,

> may be held personally liable only for ministerial acts negligently performed or acts performed with malice or intent to injure. In other words, [they] can only be sued in their official capacities if they (1) negligently perform a ministerial duty, or (2) act with actual malice or actual intent to cause injury while performing a discretionary function.

---

[3] See also Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d) ("Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Except as provided in this subparagraph, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions. The provisions of this subparagraph shall not be waived."); *McDowell v. Smith*, 285 Ga. 592, 593 (678 SE2d 922) (2009) ("The doctrine of official immunity, also known as qualified immunity, protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption.") (citation and punctuation omitted); *Griswold v. Collins*, 318 Ga. App. 556, 558 (2) (a) (734 SE2d 425) (2012) (The doctrine of official immunity protects individual public agents including school teachers "from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption.") (citation and punctuation omitted); *Chisolm v. Tippens*, 289 Ga. App. 757, 759 (2) (a) (658 SE2d 147) (2008) (accord).

5

(Punctuation and footnotes omitted.) *Chisolm v. Tippens*, 289 Ga. App. 757, 759-760 (2) (a) (658 SE2d 147) (2008).

In this case, Davis does not contend that Thrift or Horne acted with actual malice. Assuming their actions were within the scope of their employment duties, the determination whether they are entitled to official immunity therefore turns on the issue of whether their actions were discretionary or ministerial. *McDowell v. Smith*, 285 Ga. 592, 593 (678 SE2d 922) (2009); see *Crisp County School System v. Brown*, 226 Ga. App. at 802 (2) ("The term 'actual malice,' as it is used in the context of official immunity, requires a deliberate intention to do wrong.") (citation omitted).

> A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

(Citation and punctuation omitted.) *McDowell v. Smith*, 285 Ga. at 593.

The determination whether an action is discretionary or ministerial depends on the character of the specific actions complained of, not the general nature of the defendant's job, and is to be made based on the facts of the particular case. Id. at 594-

6

595; *Crisp County School System v. Brown*, 226 Ga. App. at 803 (2). Generally, supervising and controlling students' activities has been held to be a discretionary action which is protected by the doctrine of official immunity, and may be so even where specific school policies designed to help control and monitor students have been violated. *Griswold v. Collins*, 318 Ga. App. 556, 558 (2) (a); *Chamlee v. Henry County Bd. of Ed.*, 239 Ga. App. 183, 184 (1) (521 SE2d 78) (1999); *Crisp County School System v. Brown*, 226 Ga. App. at 803; cf. *McDowell v. Smith*, 285 Ga. at 593-595 (A school district employee was not entitled to official immunity from a claim based on her violation of an early release policy that did not allow for any exercise of discretion by employees, and instead required them merely to execute specific tasks.).

In this case, Davis failed to point to any evidence from which a trier of fact could infer that Thrift and Horne's conduct in organizing and conducting the tug-of-war contest constituted a simple, absolute, and definite act that required merely the execution of a specific duty. To the contrary, pretermitting whether Horne acted in his capacity as an employee or as a parent volunteer, the evidence is undisputed that the two men exercised personal judgment and acted on the facts presented in a way not specifically directed by the School District. The trial court did not err in

7

concluding that they were engaged in discretionary rather than ministerial activities. *Griswold v. Collins*, 318 Ga. App. at 558 (2) (a); *Chisolm v. Tippens*, 289 Ga. App. at 759-760 (2) (a); *Chamlee v. Henry County Bd. of Ed.*, 239 Ga. App. at 184 (1); *Crisp County School System v. Brown*, 226 Ga. App. at 803.

2. Davis contends that Horne was involved in the tug-of-war as a parent and not as a school employee and, therefore, the doctrine of official immunity does not bar her claim against him. Hoboken Elementary's principal deposed that Horne was helping out "as a parent;" she did not know whether he was "on the payroll that day." Because the evidence does not establish that Horne was acting within the scope of his duties as a public employee entitled to the protection of official immunity, rather than as a private person, the trial court erred in granting the appellees' motion for summary judgment on the basis of official immunity. See *McDowell v. Smith*, 285 Ga. at 593.

The appellees now contend that Horne is entitled to immunity regardless whether he was acting as a school district employee or as a parent volunteer, citing OCGA § 51-1-30.3 (a) (1).[4] Although a grant of summary judgment must be affirmed

---

[4] OCGA § 51-1-30.3 (a) (1) provides:
Unless it is established that injuries or death were caused by gross negligence or willful or wanton misconduct: . . . [n]o natural person who voluntarily and without the expectation or receipt of compensation provides services for and at the request and sanction of a public school

8

if it is right for any reason, whether stated or unstated in the trial court's order, this is so only where the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond. *Georgia-Pacific, LLC v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013); *City of Gainesville v. Dodd*, 275 Ga. 834, 839 (573 SE2d 369) (2002). In this case, the record shows that the appellees did *not* raise the issue of OCGA § 51-1-30.3 (a) (1) in the summary judgment proceedings below. Accordingly, we cannot affirm under the right-for-any-reason rule. *Georgia-Pacific, LLC v. Fields*, 293 Ga. at 504 (2).

*Judgment affirmed in part and reversed in part. McFadden, J., concurs, and Dillard, J., concurs in judgment only*.

---

or private school and who does not expect or receive compensation with respect to such services . . . shall be liable for damages or injuries alleged to have been sustained by another person or damages for the injury or death of the other person when the injuries or death are alleged to have occurred by reason of an act or omission occurring on school property in the rendering of such services if such services are provided upon school property or at a school sponsored function.

A15A1420. DAVIS v. BRANTLEY COUNTY SCHOOL DI-068
DISTRICT et al.

DILLARD, Judge, concurring in judgment only.

I concur in judgment only because I do not agree with all that is said in the majority opinion. As a result, the majority's opinion decides only the issues presented in the case sub judice and may not be cited as binding precedent. See Court of Appeals Rule 33 (a).